IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SEAN MURTAUGH,<br>　　　　　*Plaintiff,*<br><br>　　v.<br><br>ROBERT S. GOGGIN, III, et al,<br>　　　　　*Defendants.* | Civil No. 24-0026 |

## ORDER

**AND NOW**, this 17th day of March, 2025, upon consideration of the Goggin

Defendants' Motion to Dismiss (ECF No. 27), the Jordan Defendants' Motion to Dismiss (ECF

No. 28), Plaintiff's Responses thereto (ECF Nos. 33, 34), and the Defendants' Replies (ECF Nos.

35, 36), it is hereby **ORDERED** that the motions are **DENIED**.[1]

**BY THE COURT:**

MARY KAY COSTELLO
United States District Judge

---

[1]　　Plaintiff has accused his former attorneys (collectively, the "Goggin Defendants") and a litigation funding company and its owner (collectively, the "Jordan Defendants"), all of whom were involved in Plaintiff's previous lawsuit against his former employer, of defrauding him out of hundreds of thousands of dollars through deceptive litigation funding agreements.  Defendants have moved to dismiss Plaintiff's Amended Complaint.  In response, Plaintiff voluntarily withdrew claims for securities fraud (Count Three) and violations of state consumer protection law (Count Seven).  ECF Nos. 33, 34.  As is discussed below, the motions to dismiss the remaining claims are denied.

　　With respect to Plaintiff's RICO claims (Counts One and Two), Plaintiff has alleged an association-in-fact enterprise between the defendants, which affected interstate commerce by using unauthorized litigation funding to pay experts outside Pennsylvania and by receiving payments from out-of-state entities.  The Jordan Defendants suggest that Plaintiff has alleged nothing more than that the purported enterprise issued litigation funding agreements for Plaintiff's benefit, which is the Jordan Defendants' "precise business."  ECF No. 28-1 at 8.  However, Plaintiff has alleged more than that.  Plaintiff has alleged unauthorized, secret funding agreements that the enterprise used to defraud him.  Further, Plaintiff alleged that the defendants engaged in multiple acts of ongoing racketeering activity.

---

Taking the allegations in the Amended Complaint as true, the Court finds that Plaintiff's RICO and RICO conspiracy claims are facially plausible.

Similarly, Plaintiff has alleged sufficient facts to support his state law claims for fraudulent inducement, negligence, breach of fiduciary duty, and civil conspiracy (Counts Four through Six and Eight). Plaintiff alleged that the Goggin Defendants made multiple false misrepresentations and withheld material information from him. As a result of these deceptions, Plaintiff accepted a settlement he otherwise would not have, which injured him financially. Plaintiff further alleged multiple instances where the Goggin Defendants breached duties, including fiduciary duties, they owed him. Again, Plaintiff alleged multiple unauthorized litigation funding agreements between the defendants, which were intended to defraud him. Finally, dismissing Plaintiff's request for a declaratory judgment (Count Nine) would be premature at this stage.

As for the motion to strike included in the Goggin Defendants' motion to dismiss, the allegations they seek to strike are related to the controversy. In particular, the allegations regarding Goggin's failed litigation funding business are relevant to his intent and plan regarding the litigating funding agreements here. Additionally, the purported ethics violations mentioned to advance the negligence and breach of fiduciary duty claims are relevant to the Goggin Defendants' duty of care and whether that duty was breached. Accordingly, the Goggin Defendants' motion to strike is denied.

2