## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SEAN MURTAUGH<br><br>    v.<br><br>ROBERT S. GOGGIN, III, ESQUIRE,<br>GOGGIN & DUCKWORTH, P.C.,<br>FORCENO GOGGIN & KELLER, P.C.,<br>KELLER & GOGGIN, P.C., JORDAN<br>LITIGATION FUNDING, LLC AND<br>NORRIS JORDAN | NO.  2:24-cv-00026 |

## PLAINTIFF'S ANSWER TO COUNTERCLAIMS OF DEFENDANTS
## JORDAN LITIGATION FUNDING, LLC AND NORRIS JORDAN

Plaintiff Sean Murtaugh, by and through his attorneys Freiwald Law, P.C., answers the

Counterclaims of Defendants Jordan Litigation Funding, LLC and Norris Jordan as follows:

1.      Denied. The allegations of this paragraph are conclusions of law to which no

response is required.  By way of further response, this paragraph refers to the purported

December 18, 2020 litigation funding agreement, which is a writing that speaks for itself.

2.      Admitted.

3.      Denied as stated.  Murtaugh's allegations are stated more fully in the Amended

Complaint, which is a writing that speaks for itself.

4.      Denied as stated. This paragraph refers to allegations in Murtaugh's Amended

Complaint, which is a writing that speaks for itself.  Murtaugh denies the Jordan Parties'

attempts to characterize the allegations.

5.      Denied as stated. This paragraph refers to allegations in Murtaugh's Amended

Complaint, which is a writing that speaks for itself.  Murtaugh denies the Jordan Parties'

attempts to characterize the allegations. By way of further response, the existence, terms, and enforceability of the agreement are conclusions of law to which no response is required.

6.      Denied as stated. This paragraph refers to allegations in Murtaugh's Amended Complaint, which is a writing that speaks for itself.  Murtaugh denies the Jordan Parties' attempts to characterize the allegations. By way of further response, the existence, terms, and enforceability of the agreement are conclusions of law to which no response is required.

7.      Denied.  The allegations of this paragraph are conclusions of law to which no response is required.

8.      Denied.  The allegations of this paragraph are conclusions of law to which no response is required.

9.      Admitted.

10.      Admitted.

11.      Murtaugh lacks sufficient information to for a belief as to the truth of the allegations of this paragraph, and the allegations are therefore denied.

12.      Admitted.

13.      Denied.  The allegations of this paragraph are conclusions of law to which no response is required.

14.      Denied.  The allegations of this paragraph are conclusions of law to which no response is required.

15.      Murtaugh lacks sufficient information to for a belief as to the truth of the allegations of this paragraph, and the allegations are therefore denied.

16.      Murtaugh lacks sufficient information to for a belief as to the truth of the allegations of this paragraph, and the allegations are therefore denied.

17.     Murtaugh lacks sufficient information to for a belief as to the truth of the allegations of this paragraph, and the allegations are therefore denied.

18.     Murtaugh lacks sufficient information to for a belief as to the truth of the allegations of this paragraph, and the allegations are therefore denied.

19.     Murtaugh lacks sufficient information to for a belief as to the truth of the allegations of this paragraph, and the allegations are therefore denied.

20.     Murtaugh lacks sufficient information to for a belief as to the truth of the allegations of this paragraph, and the allegations are therefore denied.

21.     Murtaugh lacks sufficient information to for a belief as to the truth of the allegations of this paragraph, and the allegations are therefore denied.

22.     Murtaugh lacks sufficient information to for a belief as to the truth of the allegations of this paragraph, and the allegations are therefore denied.

23.     Denied. This paragraph refers to the purported December 18, 2020 litigation funding agreement, which is a writing that speaks for itself.

24.     Denied. This paragraph refers to the purported December 18, 2020 litigation funding agreement, which is a writing that speaks for itself.

25.     Denied. This paragraph refers to the purported December 18, 2020 litigation funding agreement, which is a writing that speaks for itself.

26.     Denied. This paragraph refers to the purported December 18, 2020 litigation funding agreement, which is a writing that speaks for itself.

27.     Denied. This paragraph refers to the purported December 18, 2020 litigation funding agreement, which is a writing that speaks for itself.

28.      Denied. This paragraph refers to the purported December 18, 2020 litigation funding agreement, which is a writing that speaks for itself.

29.      Denied. This paragraph refers to the purported December 18, 2020 litigation funding agreement, which is a writing that speaks for itself.

30.      Denied. This paragraph refers to the purported December 18, 2020 litigation funding agreement, which is a writing that speaks for itself.

31.      Denied.  The allegations of this paragraph are conclusions of law to which no response is required.

32.      Denied.  The allegations of this paragraph are conclusions of law to which no response is required.

33.      Murtaugh lacks sufficient information to for a belief as to the truth of the allegations of this paragraph, and the allegations are therefore denied.

34.      Murtaugh lacks sufficient information to for a belief as to the truth of the allegations of this paragraph, and the allegations are therefore denied.

35.      Denied. The allegations of this paragraph are conclusions of law to which no response is required.  Further, this paragraph refers to the purported December 18, 2020 litigation funding agreement, which is a writing that speaks for itself.

36.      Denied. The allegations of this paragraph are conclusions of law to which no response is required.  Further, this paragraph refers to the purported December 18, 2020 litigation funding agreement, which is a writing that speaks for itself.

37.      Denied. The allegations of this paragraph are conclusions of law to which no response is required.  Further, this paragraph refers to the purported December 18, 2020 litigation funding agreement, which is a writing that speaks for itself.

38.    Denied. The allegations of this paragraph are conclusions of law to which no response is required.  Further, this paragraph refers to the purported December 18, 2020 litigation funding agreement, which is a writing that speaks for itself.

39.    Murtaugh lacks sufficient information to for a belief as to the truth of when JLF issued payment, and the allegations are therefore denied.

40.    Murtaugh lacks sufficient information to for a belief as to the truth of when JLF issued payment, and the allegations are therefore denied.

41.    Murtaugh lacks sufficient information to for a belief as to the truth of when JLF issued payment, and the allegations are therefore denied.

42.    Murtaugh lacks sufficient information to for a belief as to the truth of when JLF issued payment, and the allegations are therefore denied.

43.    Murtaugh lacks sufficient information to for a belief as to the truth of when JLF issued payment, and the allegations are therefore denied.

44.    Murtaugh lacks sufficient information to for a belief as to the truth of when JLF issued payment, and the allegations are therefore denied.

45.    Denied.  It is admitted only that Murtaugh's underlying FELA case was settled after Murtaugh was fraudulently induced to settle his claim by Goggin.  Murtaugh incorporates by reference here the allegations in his Amended Complaint.

46.    Denied.  The allegations of this paragraph are conclusions of law to which no response is required.

47.    Denied.  The allegations of this paragraph are conclusions of law to which no response is required.

48.     Denied as stated. This paragraph refers to allegations in Murtaugh's Amended Complaint, which is a writing that speaks for itself.  Murtaugh denies the Jordan Parties' attempts to characterize the allegations. By way of further response, the existence, terms, and enforceability of the agreement are conclusions of law to which no response is required.

49.     Denied as stated. This paragraph refers to allegations in Murtaugh's Amended Complaint, which is a writing that speaks for itself.  Murtaugh denies the Jordan Parties' attempts to characterize the allegations. By way of further response, the existence, terms, and enforceability of the agreement are conclusions of law to which no response is required.

50.     Denied.  The allegations of this paragraph are conclusions of law to which no response is required.

### Counterclaim Count 1
### Breach of Contract

51.     Murtaugh incorporates his prior response as if fully set forth here.

52.     Denied.  The allegations of this paragraph are conclusions of law to which no response is required.

53.     Denied.  The allegations of this paragraph are conclusions of law to which no response is required.

54.     Denied.  The allegations of this paragraph are conclusions of law to which no response is required.

55.     Denied.  The allegations of this paragraph are conclusions of law to which no response is required.

56.     Denied.  The allegations of this paragraph are conclusions of law to which no response is required.

57.     Denied.  The allegations of this paragraph are conclusions of law to which no response is required.

## Counterclaim Count 2
## Promissory Estoppel

58.     Murtaugh incorporates his prior response as if fully set forth here.

59.     Denied.  The allegations of this paragraph are conclusions of law to which no response is required.

60.     Denied.  The allegations of this paragraph are conclusions of law to which no response is required.

61.     Denied.  The allegations of this paragraph are conclusions of law to which no response is required.

62.     Denied.  The allegations of this paragraph are conclusions of law to which no response is required.

63.     Denied.  The allegations of this paragraph are conclusions of law to which no response is required.

64.     Denied.  The allegations of this paragraph are conclusions of law to which no response is required.

## Counterclaim Count 3
## Breach of Contract

65.     Murtaugh incorporates his prior response as if fully set forth here.

66.     Denied.  The allegations of this paragraph are conclusions of law to which no response is required.

67.     Denied.  The allegations of this paragraph are conclusions of law to which no response is required.

68.    Denied.  The allegations of this paragraph are conclusions of law to which no response is required.

69.    Denied.  The allegations of this paragraph are conclusions of law to which no response is required.

70.    Denied.  The allegations of this paragraph are conclusions of law to which no response is required.

## AFFIRMATIVE DEFENSES TO COUNTERCLAIM

### First Affirmative Defense

The Jordan Defendants' counterclaim fails to state a claim upon which relief may be granted.

### Second Affirmative Defense

The December 18, 2020 litigation funding agreement is unenforceable due to a lack of mutual assent.

### Third Affirmative Defense

The December 18, 2020 litigation funding agreement is unenforceable due to a mutual mistake.

### Fourth Affirmative Defense

The December 18, 2020 litigation funding agreement is void as unconscionable.

### Fifth Affirmative Defense

The December 18, 2020 litigation funding agreement is unenforceable as it is against public policy.

**Sixth Affirmative Defense**

Not all conditions precedent have been satisfied under the December 18, 2020 litigation funding agreement.

**Seventh Affirmative Defense**

The December 18, 2020 litigation funding agreement is the product of fraud.

**Eighth Affirmative Defense**

The Jordan Defendants have not suffered any damages.

**Ninth Affirmative Defense**

The Jordan Defendants' unjust enrichment claim fails because Murtaugh has not been unjustly enriched.

**Tenth Affirmative Defense**

The Jordan Defendants have failed to mitigate their damages.

**Eleventh Affirmative Defense**

Murtaugh reserves the right to amend or supplement these defenses with any additional defenses that may subsequently become apparent during discovery and proceedings in this case.


                                          **FREIWALD LAW, P.C.**


By:    /s/ Aaron J. Freiwald
              AARON J. FREIWALD, ESQUIRE
              ZACHARY S. FEINBERG, ESQUIRE
              Counsel for Plaintiff

Date:  May 5, 2025

## CERTIFICATE OF SERVICE

I, Aaron J. Freiwald, Esquire, hereby certify that service of a true and correct copy of the foregoing Answer to Counterclaims was served upon the following on this date, via the Courts electronic filing system, as follows:

William A. Harvey, Esquire
Megan M. O'Neill, Esquire
Klehr Harrison
1835 Market Street, Suite 1400
Philadelphia, PA 19103

Josh J.T. Byrne, Esquire
Marshall Dennehey
2000 Market Street, Suite 2300
Philadelphia, PA 19103

/s/ Aaron J. Freiwald
AARON J. FREIWALD, ESQUIRE

Date: May 5, 2025