UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SEAN MURTAGH<br><br>v.<br><br>ROBERT S. GOGGIN, III, ET AL. | NO. 2:24-cv-00026 |

**JOINT STATUS REPORT RELATING TO**
**PLAINTIFF'S AUGUST 8, 2025 MOTION TO COMPEL**

Pursuant to the Court's August 23, 2025 Order, the parties submit the following joint status report:

**A.    Status Report by Plaintiff**

Following the Court's Order, Plaintiff's counsel and counsel for the Goggin Parties held a meet-and-confer via videoconference. During this meeting, counsel for the Goggin Parties advised that a supplemental production would be made in the upcoming few days. The Goggin Parties then made a supplemental production on August 18, 2025.

This supplemental production does not address the concerns addressed in Plaintiff's motion. Aside from a small amount of emails relating to Court Notices and emails between the Plaintiff and Mr. Goggin's assistant in 2023, the supplemental production fails to include the electronic communications requested in Plaintiff's Request for Production of Documents. For instance, the Goggin Parties did not produce any electronic communications they had with defense counsel in the underlying case, with Norris Jordan, or with any of the experts in the underlying case.

This failure was addressed in an email with counsel for the Goggin Parties on August 21, 2025. A phone call between the parties' counsel followed, in which counsel for the Goggin Parties stated that he would follow up with his client regarding the production.

Thus, Plaintiff respectfully requests that this Honorable Court enter the Order attached to Plaintiff's Motion to Compel.

**B.    Status Report by the Goggin Parties**

Defense counsel does not generally disagree with plaintiff's counsel's history. Counsel reached out to the client June 25, 2025 obtain the underlying file and corporate documents. Counsel followed up again on June 26, 2025 and July 1, 2025. On July 1, 2025, hard-copy corporate records were received from the client. Counsel received electronic documents from the client on July 3, 2025, and those documents were uploaded into a document management program and reviewed for potential privilege. The corporate records were produced to plaintiff's counsel on July 10, 2025, and on July 18, 2025, a batch consisting of 2514 documents was produced. After attempts by the client to download his relevant text messages were unsuccessful, Counsel also made arrangements for the client to bring in his phone so that Counsel's IT specialists could attempt to download them. The client came in with his phone on August 14, 2025 to have the text messages extracted, but this attempt at extracting them did not complete properly, as the extraction would only pull messages received by the client, and it would not pull the complete chat thread. Counsel's eDiscovery Team will be coordinating with the client's head of IT to obtain the text messages from iCloud. As noted above, a large file consisting of 9539 documents was produced on August 18, 2025. Counsel was focused on the review for privileged materials, and did not realize before production and the call from plaintiff's counsel that emails were largely missing. Counsel immediately contacted the client and his staff.

Currently, e-mails are being collected from four different custodians. Counsel was informed that the collection process should be complete by August 28, 2025. Defendants anticipate that all relevant emails and texts should be produced by September 3, 2025, but hesitate to set an absolute deadline.

    C.    **Status Report by the Jordan Parties**

The Jordan Parties' position is solely that all documents be produced to allow the parties sufficient time to review in advance of depositions.

**SIGNED:**

| | |
|---|---|
| /s/ Zachary S. Feinberg | /s/ Josh J.T. Byrne |
| Aaron J. Friewald, Esq. | Josh J.T. Byrne, Esq |
| Zachary S. Feinberg, Esq. | Jacob H. Schultz, Esq. |
| Freiwald Law, P.C. | Marhsall Dennehey |
| *Attorneys for Plaintiff Sean Murtaugh* | *Attorneys for Defendants Robert S. Goggin, III, Esquire, Goggin & Duckworth, P.C., Forceno Goggin & Keller, P.C., and Keller & Goggin, P.C.* |

/s/ Stephanie D. Wolbransky
William A. Harvey, Esq.
Stephanie D. Wolbransky, Esq.
Klehr Harrison Harvey Branzburg
*Attorneys for Defendants
and Counterclaim Plaintiffs Jordan
Litigation Funding, LLC and Norris Jordan*