## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SEAN MURTAUGH<br><br>v.<br><br>ROBERT S. GOGGIN, III, ESQUIRE,<br>GOGGIN & DUCKWORTH, P.C.,<br>FORCENO GOGGIN & KELLER, P.C.,<br>KELLER & GOGGIN, P.C., JORDAN<br>LITIGATION FUNDING, LLC AND<br>NORRIS JORDAN | NO.  2:24-CV-00026 |

### ORDER

**AND NOW**, this _____ day of _____, 2025, upon consideration of Plaintiff's Renewed Motion to Compel Discovery, and any response, it is hereby **ORDERED** that the Motion is **GRANTED.**

It is hereby **ORDERED** that Defendants Robert S. Goggin, III, Esquire, Goggin & Duckworth, P.C., Forceno Goggin & Keller, P.C. and Keller & Goggin shall search for and produce all electronic communications and documents in response to Plaintiff's Request for Production of Documents within five days.

It is also **ORDERED** that Defendant Robert S. Goggin, III shall appear for a deposition to occur within 30 days of the date that the Goggin Defendants produce their electronic communications and documents.

It is also **ORDERED** that new case management deadlines will be issued with the new discovery deadline set as January 5, 2026.

### BY THE COURT:

_____
                                            J.

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SEAN MURTAUGH | |
| v. | NO.  2:24-CV-00026 |
| ROBERT S. GOGGIN, III, ESQUIRE, GOGGIN & DUCKWORTH, P.C., FORCENO GOGGIN & KELLER, P.C., KELLER & GOGGIN, P.C., JORDAN LITIGATION FUNDING, LLC AND NORRIS JORDAN | |

### PLAINTIFF SEAN MURTUAGH'S RENEWED MOTION TO COMPEL DISCOVERY FROM THE GOGGIN DEFENDANTS

1.      This case alleges that Defendants engaged in a scheme to defraud Plaintiff Sean Murtaugh out of hundreds of thousands of dollars through unauthorized, deceptive, and predatory litigation funding agreements.

2.      This is a renewed Motion to Compel the production of documents, as the Goggin Defendants Robert S. Goggin, III, Esquire, Goggin & Duckworth, P.C., Forceno Goggin & Keller, P.C. and Keller & Goggin (the "Goggin Defendants") have not produced documents as they indicated in the August 22, 2025 Joint Status Report. [ECF 64].

3.      The documents were due in response to Plaintiff's document requests initially served on May 1, 2025.

4.      In the Joint Status Report, the Goggin Defendants indicated that counsel was still collecting electronic communications – emails and text messages relating to the case – and would need to time to review for privilege before producing them, with an anticipated production date of September 3, 2025. [ECF 64].

1

5.      Based on statements in the Joint Status Report, the Court denied Plaintiff's initial Motion to Compel without prejudice. [ECF 65].

6.      Since then, no further documents have been produced, nor has counsel for the Goggin Parties indicated any timeline as to when the documents would be produced.

7.      Thus, for these reasons and those stated in Plaintiff's initial Motion [ECF 57], Plaintiff requests an Order compelling the Goggin Defendants to produce all electronic communications and documents in response to Plaintiff's Request for Production of Documents within five days

8.      This delay in producing documents is causing prejudice to the parties in preparing for depositions and completing discovery in compliance with the Case Management Order.

9.      The depositions of Defendant Goggin and Defendant Jordan are scheduled for September 17 and 18, 2025, respectively.

10.     Plaintiff is severely prejudiced by not receiving a proper document production reasonably in advance of these depositions, which will cause the depositions to need to be rescheduled.

11.     Thus, Plaintiff requests an Order compelling Defendant Goggin to appear for a deposition within 30 days of when the Goggin Parties make the production of its electronic documents.

12.     Additionally, the discovery deadline is currently September 26, 2025.

13.     The Goggin Defendnats late and dilatory discovery practice has caused prejudice to Plaintiff in completing discovery in advance of the discovery deadline.

14.     Rule 16(b)(4) of the Federal Rules of Civil Procedure provides that a case management schedule "may be modified only for good cause and with the judge's consent." F.R.Civ.P. 16(b)(4).

15.     The Third Circuit has "repeatedly recognized . . . that whether 'good cause' exists under Rule 16(b)(4) depends in part on a plaintiff's diligence." *Premier Comp. Sols. LLC v. UPMC*, 970 F.3d 316, 319 (3d. Cir. 2020).

16.     Plaintiff has been diligent in seeking discovery in a timely, organized manner, but the Goggin Defendants' delay in producing documents has prevented this from occurring.

17.     Thus, good cause exists for extending the case management deadlines.

18.     Plaintiff requests an extension of the case management deadlines with the new discovery deadline to be set as January 5, 2026, a roughly 90-day extension.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court require Defendants to provide complete responses to Plaintiff's Request for Production of Documents directed to Defendants within five (5) days.

**FREIWALD LAW, P.C.**

BY:    _____
AARON J. FREIWALD, ESQUIRE
ZACHARY S. FEINBERG, ESQUIRE
Attorneys for Plaintiff

Date:    September 5, 2025

3

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| SEAN MURTAUGH | |
| v. | NO.  2:24-CV-00026 |
| ROBERT S. GOGGIN, III, ESQUIRE, GOGGIN & DUCKWORTH, P.C., FORCENO GOGGIN & KELLER, P.C., KELLER & GOGGIN, P.C., JORDAN LITIGATION FUNDING, LLC AND NORRIS JORDAN | |

**PLAINTIFF SEAN MURTUAGH'S BRIEF IN SUPPORT OF HIS RENEWED
MOTION TO COMPEL DISCOVERY FROM THE GOGGIN DEFENDANTS**

**I.    STATEMENT OF FACTS**

This case alleges that Defendants engaged in a scheme to defraud Plaintiff

Sean Murtaugh out of hundreds of thousands of dollars through unauthorized, deceptive, and

predatory litigation funding agreements.

On May 1, 2025, Plaintiff served Request for Production of Documents on Defendants

Robert S. Goggin, III, Esquire, Goggin & Duckworth, P.C., Forceno Goggin & Keller, P.C. and

Keller & Goggin (the "Goggin Defendants"). A copy of the document requests is attached as

Exhibit "A."  On or about June 26, 2025, Defendants responded to the Request for Production of

Documents and produced documents on July 11, 2025 and July 18, 2025.  The documents

produced fell into two general categories: (1) various corporate documents relating to the law

firm and (2) the "client file," which was already produced to Plaintiff pre-suit.

The recent production – as did the pre-suit production – did not include any electronic

communications, such as e-mails or text messages.  For instance, the Goggin Parties did not

produce any electronic communications with defense counsel in the underlying case, with Norris Jordan, with Sean Murtaugh, or with any of the experts in the underlying case.

Plaintiff addressed this issue with counsel for the Goggin Defendnats in a letter dated August 1, 2025. A copy of the letter is attached as Exhibit "B." The Goggin Defendants did not respond to this letter.

## II.   STATEMENT OF THE QUESTIONS INVOVLED

Should the Court grant Plaintiff's Motion to Compel Discovery?

**Suggested Answer:   Yes.**

## III.   ARGUMENT

For the reasons stated in the statement of facts and those stated in Plaintiff's initial Motion [ECF 57], Plaintiff requests an Order compelling the Goggin Defendants to produce all electronic communications and documents in response to Plaintiff's Request for Production of Documents within five days

This delay in producing documents is causing prejudice to the parties in preparing for depositions and completing discovery in compliance with the case management order.  The depositions of Defendant Goggin and Defendant Jordan are scheduled for September 17 and 18, 2025, respectively.  Plaintiff is severely prejudiced by not receiving a proper document production reasonably in advance of these depositions, which will cause the depositions to need to be rescheduled. Thus, Plaintiff requests an Order compelling Defendant Goggin to appear for a deposition within 30 days of when the Goggin Parties make the production of its electronic documents.

Additionally, the discovery deadline is currently September 26, 2025.  The Goggin Defendants late and dilatory discovery practice has caused prejudice to Plaintiff in completing

discovery in advance of the discovery deadline.  Rule 16(b)(4) of the Federal Rules of Civil

Procedure provides that a case management schedule "may be modified only for good cause and

with the judge's consent." F.R.Civ.P. 16(b)(4).  The Third Circuit has "repeatedly recognized . . .

that whether 'good cause' exists under Rule 16(b)(4) depends in part on a plaintiff's diligence."

*Premier Comp. Sols. LLC v. UPMC*, 970 F.3d 316, 319 (3d. Cir. 2020).

Plaintiff has been diligent in seeking discovery in a timely, organized manner, but the

Goggin Defendants' delay in producing documents has prevented this from occurring.  Thus,

good cause exists for extending the case management deadlines.  Plaintiff requests an extension

of the case management deadlines with the new discovery deadline to be set as January 5, 2026,

a roughly 90-day extension.

## IV.    RELIEF REQUESTED

For these reasons, Plaintiff respectfully requests this Honorable Court to enter the

attached proposed Order.

**FREIWALD LAW, P.C.**

BY:    _____
AARON J. FREIWALD, ESQUIRE
ZACHARY S. FEINBERG, ESQUIRE
Attorneys for Plaintiffs

Date:  September 5, 2025

## <u>CERTIFICATE OF SERVICE</u>

I, Zachary S. Feinberg, Esquire, hereby certify that service of a true and correct copy of the

foregoing Renewed Motion to Compel Discovery was served upon the following on this date, via

the Court's electronic filing system, as follows:

Megan M. O'Neill, Esquire
Klehr Harrison Harvey Branzburg, LLP
1835 Market Street, Suite 1400
Philadelphia, PA 19103

Josh J. T. Byrne, Esquire
Marshall Dennehey, P.C.
2000 Market Street, Suite 2300
Philadelphia, PA 19103

 

 

_____
ZACHARY S. FEINBERG, ESQUIRE

Date:  September 5, 2025

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SEAN MURTAUGH | |
| v. | NO.  2:24-CV-00026-JFM |
| ROBERT S. GOGGIN, III, ESQUIRE, et al. | |

### PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS
### ADDRESSED TO DEFENDANT KELLER & GOGGIN, P.C.

### INSTRUCTIONS

You are requested to produce, in accordance with Local Rule of Civil Procedure 26.1 and Federal Rule of Civil Procedure 34, the originals or clear, readable copies of the below listed documents and/or items. These documents and/or items will be examined and/or photocopied; photograph negatives will be processed and photographs reproduced, videotapes and audiotapes shall be viewed and/or heard and a copy made. The below listed documents and/or items are to be produced at Plaintiff's counsel's office on or before thirty (30) days from the date of service herein. Such request is continuing up to and at the time of trial.

### DEFINITIONS

A.      "You" or "your" refers to Keller & Goggin, P.C. and to all other persons acting or purporting to act on your behalf, including agents and employees.

B.      "Communication" shall mean the transmittal of information (in the form of facts, ideas, inquiries or otherwise) in any tangible or intangible form.

C.      "Concerning" and "relating to" shall mean and include any information referring to, concerning, comprising, identifying, summarizing, evidencing, containing, discussing, mentioning, describing, reflecting, comparing, analyzing, memorializing or pertaining in any way to the subject matter of the discovery request in which such term is used.

D.      The terms "document" and "documents" are used in the broadest permissible sense under the Pennsylvania Rules of Civil Procedure and shall include, without limitation, tangible things and all written, typewritten, recorded (including audio and/or video recordings), graphic, photographic (including negatives), videographic, facsimile transmissions, and computerized or other electronic or digital means of communication (including text messaging) in whatever form, including copies, drafts, and reproductions thereof to which you have or have had access and every copy of such document which contains any commentary or notation not appearing in the original, as well as all metadata.

E.      "Metadata" shall include, at least, the following fields: custodian (CUSTODIAN), creation date (CREATEDATE), creation time (CREATETIME), modified date (MODDATE),

## EXHIBIT "A"

modified time (MODDATE), last accessed date (LASTACCDATE), last accessed time (LASTACCTIME), size (FILESIZE), and file name (FILENAME).

      F.     "Person" means an individual, corporation, partnership, trust, associations, company, organization, or any form of legal entity, be it business, commercial, governmental or nonprofit.

      G.     "Relate to" means consist of, refer to, reflect or be in any way logically connected with the matter discussed.

      H.     "And" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

      I.     The singular forms of any noun or pronoun shall embrace and be read to include the plural, and vice versa, as the context may make appropriate.

      J.     Masculine forms of any noun or pronoun shall embrace and be read to include the feminine or neutral, as the context may make appropriate.

## <u>INSTRUCTIONS</u>

      1.     Whenever a request calls for information which is not available to you in the form requested but is available in another form or can be obtained, at least in part, from other data in your possession, so state and either supply the information requested in the form in which it is available or supply the data from which the information requested can be obtained.

      2.     This Request is continuing in nature.  You shall supplement its responses to this Request, as and when additional responsive documents become known or available to you, or when so requested by Plaintiffs prior to trial.

      3.     You shall produce all documents in your possession, custody or control, including documents in the possession, custody or control of your employees, agents, representatives, successors, assigns and attorneys and all persons acting or purporting to act on your behalf or who are in possession of or who may have obtained information for or on behalf of you in regard to the subject matter of this case.

      4.     You shall produce responsive documents as they are kept in the usual course of business or organize and label them to correspond with the categories in these Requests. Documents shall be produced in a manner that permits the source of the documents to be easily ascertained.

      5.     Digital documents shall be produced in native form or, alternatively, as image files (e.g., PDF or TIFF) with load files including their Metadata and, where applicable, their revision history.

      6.     Where a claim of privilege is asserted in objecting to any document request or

subpart thereof, you shall assert the privilege in the following manner:

    a.   The attorney asserting the privilege shall, in the objection to the document demand, or subpart thereof, identify the nature of the privilege (including work product) which is being claimed or defense governed by state law, indicate the state's privilege rule being invoked; and

    b.   The following information shall be provided in the objection, unless divulgence of such information would cause disclosure of the allegedly privileged information:

        (i)  the type of document;

        (ii) general subject matter of the document;

        (iii)date of the document;

        (iv)such other information as is sufficient to identify the document for a subpoena duces tecum. including, where appropriate, the author of the document, the addressee of the document, and, where not apparent, the relationship of the author and addressee to each other.

7.     Each document request, and each subpart thereof, shall be separately set forth and accorded a separate answer.  Each response shall first set forth verbatim the document request to which it is responsive, followed by your response.

8.     No part of a document request shall be left unanswered merely because an objection is interposed to another part of the document request.

9.     If you object to any document request or subpart thereof, the objection shall state with specificity all grounds.  Any ground not stated shall be waived.

10.    If you are unable to answer any document request, the reasons for your inability to answer shall be separately stated in detail for each document request.

11.    Your failure to provide information in response to these document requests will be deemed a waiver of your right to produce such information as evidence at trial.  Plaintiff reserves the right to move to preclude the introduction of any evidence not produced in response to these Requests.

12.    If you are not in possession of any document requested, you shall so indicate and, if known, shall identify the location of such document(s) and take all appropriate steps to aid in the recovery of the document from other sources, including but not limited to providing identifying information and providing authorizations, waivers or releases, where required.

## **REQUEST FOR PRODUCTION OF DOCUMENTS**

1. Any and all partnership agreements for the following entities:
   a. Goggin & Duckworth, P.C.
   b. Forceno, Goggin, & Keller, P.C.
   c. Keller & Goggin, P.C.

**RESPONSE:**

2. Any and all dissolution agreements for the following entities:
   a. Goggin & Duckworth, P.C.
   b. Forceno, Goggin, & Keller, P.C.
   c. Keller & Goggin, P.C.

**RESPONSE:**

3. Any and all articles of incorporation for the following entities:
   a. Goggin & Duckworth, P.C.
   b. Forceno, Goggin, & Keller, P.C.
   c. Keller & Goggin, P.C.

**RESPONSE:**

4. Any and all by-laws for the following entities:
   a. Goggin & Duckworth, P.C.
   b. Forceno, Goggin, & Keller, P.C.
   c. Keller & Goggin, P.C.

**RESPONSE:**

5. Any and all separation agreements for the following entities:
   a. Goggin & Duckworth, P.C.
   b. Forceno, Goggin, & Keller, P.C.
   c. Keller & Goggin, P.C.

**RESPONSE:**

6. Any and all employment agreements for any attorney at the Goggin Firm from January 1, 2018 to the present.

**RESPONSE:**

-4-

7. Any and all employment agreements for any staff member at the Goggin Firm from January 1, 2018 to the present.

**RESPONSE:**

8. Any and all balance sheets for the Goggin Firm from 2015 to present.

**RESPONSE:**

9. Any and all income statements for the Goggin Firm from 2015 to present.

**RESPONSE:**

10. Any and all profit and loss statements for the Goggin Firm from 2015 to present.

**RESPONSE:**

11. Any and all cash flow statements for the Goggin Firm from 2015 to present.

**RESPONSE:**

12. A copy of the general ledger for the Goggin Firm from 2015 to present.

**RESPONSE:**

13. A copy of the IOLTA account for the Goggin Firm from 2015 to present.

**RESPONSE:**

14. A copy of the account statements for each and every bank account held by the Goggin Firm from 2015 to present.

**RESPONSE:**

15. A copy of the account statements for the Goggin Firm IOLTA accounts from 2015 to present.

**RESPONSE:**

16. A copy of the account statements for any line-of-credit held by the Goggin Firm from 2015 to present.

**RESPONSE:**

17. A copy of the account statements for any credit cards held by the Goggin Firm from 2015 to present.

**RESPONSE:**

18. Any and all communications between Mr. Goggin or anyone employed with or acting on behalf of the Goggin Firm and anyone with the Brotherhood of Maintenance of Ways Employees union.

**RESPONSE:**

19. Any and all agreements between Mr. Goggin or the Goggin Firm and the Brotherhood of Maintenance of Ways Employees union.

**RESPONSE:**

20. Any and all receipts for events sponsored by Mr. Goggin or the Goggin Firm for the Brotherhood of Maintenance of Ways Employees union.

**RESPONSE:**

21. Any and all documents or records relating to contributions made by Mr. Goggin or the Goggin Firm to the Brotherhood of Maintenance of Ways Employees union.

**RESPONSE:**

22. A list of cases handled by the Goggin Firm on behalf of Brotherhood of Maintenance of Ways Employees union members.

**RESPONSE:**

23. Any and all documents or records of referral fees paid by Mr. Goggin or the Goggin Firm to the Brotherhood of Maintenance of Ways Employees union, or anyone affiliated with the Brotherhood of Maintenance of Ways Employees union.

**RESPONSE:**

24. Any and all documents or records of payments made by Mr. Goggin or the Goggin Firm to the Brotherhood of Maintenance of Ways Employees union, or anyone affiliated with the Brotherhood of Maintenance of Ways Employees union.

**RESPONSE:**

25. Any and all communications relating to Sean Murtaugh between the Goggin Firm and any of the following individuals (or an agent thereof):
    a. Rosette C. Biester, Ph.D.;
    b. Burton Weiss, M.D.;
    c. Neil K. Shirk;
    d. Juma Haider, M.D.;
    e. The National Brain Injury Institute;
    f. Guy W. Fried, M.D.;
    g. Shahin J. Korangy, M.D.;
    h. Alex Karras;
    i. Terence H. Walsh;
    j. Andrew C. Verzilli.

**RESPONSE:**

26. Any and all documents relating to Sean Murtaugh either sent to or received from the Goggin Firm and any of the following individuals (or an agent thereof):
    a. Rosette C. Biester, Ph.D.;
    b. Burton Weiss, M.D.;
    c. Neil K. Shirk;
    d. Juma Haider, M.D.;
    e. The National Brain Injury Institute;
    f. Guy W. Fried, M.D.;
    g. Shahin J. Korangy, M.D.;
    h. Alex Karras;
    i. Terence H. Walsh;
    j. Andrew C. Verzilli.

**RESPONSE:**

27. Any and all payment records relating to Sean Murtaugh between the Goggin Firm and any of the following individuals (or an agent thereof):
    a. Rosette C. Biester, Ph.D.;
    b. Burton Weiss, M.D.;
    c. Neil K. Shirk;

     d.  Juma Haider, M.D.;
     e.  The National Brain Injury Institute;
     f.  Guy W. Fried, M.D.;
     g.  Shahin J. Korangy, M.D.;
     h.  Alex Karras;
     i.  Terence H. Walsh;
     j.  Andrew C. Verzilli.

**RESPONSE:**

28. Any and all communications between the Goggin Firm and any of the following individuals (or an agent thereof):
     a.  Rosette C. Biester, Ph.D.;
     b.  Burton Weiss, M.D.;
     c.  Neil K. Shirk;
     d.  Juma Haider, M.D.;
     e.  The National Brain Injury Institute;
     f.  Guy W. Fried, M.D.;
     g.  Shahin J. Korangy, M.D.;
     h.  Alex Karras;
     i.  Terence H. Walsh;
     j.  Andrew C. Verzilli.

**RESPONSE:**

29. Any and all payment records between the Goggin Firm and any of the following individuals (or an agent thereof):
     a.  Rosette C. Biester, Ph.D.;
     b.  Burton Weiss, M.D.;
     c.  Neil K. Shirk;
     d.  Juma Haider, M.D.;
     e.  The National Brain Injury Institute;
     f.  Guy W. Fried, M.D.;
     g.  Shahin J. Korangy, M.D.;
     h.  Alex Karras;
     i.  Terence H. Walsh;
     j.  Andrew C. Verzilli.

**RESPONSE:**

30. Any and all communications between the Goggin Firm and counsel for Amtrak relating to Sean Murtaugh.

**RESPONSE:**

31. Any and all documents exchanged between the Goggin Firm and counsel for Amtrak relating to Sean Murtaugh.

**RESPONSE:**

32. Any and all communications between the Goggin Firm and counsel for T-Mobile relating to Sean Murtaugh.

**RESPONSE:**

33. Any and all documents exchanged between the Goggin Firm and counsel for T-Mobile relating to Sean Murtaugh.

**RESPONSE:**

34. Any and all communications between Mr. Goggin, anyone at the Goggin Firm, or the Goggin Firm with Norris Jordan – including but not limited to those relating to Sean Murtaugh.

**RESPONSE:**

35. Any and all communications between Mr. Goggin, anyone at the Goggin Firm, or the Goggin Firm with anyone affiliated with Jordan Litigation Funding – including but not limited to those relating to Sean Murtaugh.

**RESPONSE:**

36.  Any and all agreements between Mr. Goggin or anyone at the Goggin Firm with Norris Jordan  – including but not limited to those relating to Sean Murtaugh.

**RESPONSE:**

37. Any and all agreements between Mr. Goggin, anyone at the Goggin Firm, or the Goggin Firm with anyone affiliated with Jordan Litigation Funding – including but not limited to those relating to Sean Murtaugh.

**RESPONSE:**

38. Any and all payment records between Mr. Goggin, anyone at the Goggin Firm, or the Goggin Firm with Norris Jordan – including but not limited to those relating to Sean Murtaugh.

**RESPONSE:**

39. Any and all payment records between Mr. Goggin, anyone at the Goggin Firm, or the Goggin Firm with anyone affiliated with Jordan Litigation Funding – including but not limited to those relating to Sean Murtaugh.

**RESPONSE:**

40. Any and all documents sent or received between Mr. Goggin, anyone at the Goggin Firm, or the Goggin Firm with Norris Jordan – including but not limited to those relating to Sean Murtaugh.

**RESPONSE:**

41. Any and all documents sent or received between Mr. Goggin, anyone at the Goggin Firm, or the Goggin Firm with anyone affiliated with Jordan Litigation Funding – including but not limited to those relating to Sean Murtaugh.

**RESPONSE:**

42. Any and all internal communications, including electronic communications, of anyone at the Goggin Firm relating to Sean Murtaugh.

**RESPONSE:**

43. Any and all internal communications, including electronic communications, of anyone at the Goggin Firm relating to Steve Price.

**RESPONSE:**

44. Any and all internal communications, including electronic communications, of anyone at the Goggin Firm relating to Jordan Litigation Funding.

**RESPONSE:**

45. Any and all internal communications, including electronic communications, of anyone at the Goggin Firm relating to Norris Jordan.

**RESPONSE:**

46. Any and all communications, including electronic communications, sent or received by anyone at the Goggin Firm relating to Sean Murtaugh.

**RESPONSE:**

47.  Any and all communications, including electronic communications, sent or received by anyone at the Goggin Firm relating to Steve Price.

**RESPONSE:**

48. Any and all communications, including electronic communications, sent or received by anyone at the Goggin Firm relating to Jordan Litigation Funding.

**RESPONSE:**

49. Any and all communications, including electronic communications, sent or received by anyone at the Goggin Firm relating to Norris Jordan.

**RESPONSE:**

50. Any and all funding or financing agreements with Jordan Litigation Funding on behalf of a Goggin Firm client.

**RESPONSE:**

51. Any and all funding or financing agreements relating to Sean Murtaugh.

**RESPONSE:**

52. Any and all partnership agreements for Main Street Business Funding, LLC.

**RESPONSE:**

53. Any and all dissolution agreements for Main Street Business Funding, LLC.

**RESPONSE:**

54. Any and all articles of incorporation for Main Street Business Funding, LLC.

**RESPONSE:**

55. Any and all by-laws for Main Street Business Funding, LLC.

**RESPONSE:**

56. Any and all balance sheets for Main Street Business Funding, LLC.

**RESPONSE:**

57. Any and all income statements for Main Street Business Funding, LLC.

**RESPONSE:**

58. Any and all profit and loss statements for Main Street Business Funding, LLC.

**RESPONSE:**

59. Any and all cash flow statements for Main Street Business Funding, LLC.

**RESPONSE:**

60. A copy of the general ledger for Main Street Business Funding, LLC.

**RESPONSE:**

61. A copy of the account statements for each and every bank account held by Main Street Business Funding, LLC.

**RESPONSE:**

62. Records of any and all transactions between Main Street Business Funding, LLC and the Goggin Firm.

**RESPONSE:**

63. Documents or records of any and all litigation funding or financing provided by Main Street Business Funding, LLC to anyone.

**RESPONSE:**

64. Any and all agreements between Main Street Business Funding and the Goggin Firm.

**RESPONSE:**

65. Any and all agreements between Main Street Business Funding and Jordan LItigaiton Funding or Norris Jordan.

**RESPONSE:**

66. Any and all documents, records, or communications of any creditors against Main Line Business Funding, LLC.

**RESPONSE:**

67. Any and all communications, including electronic communications, between Mr. Goggin and Jack Lane.

**RESPONSE:**

68. Any and all communications, including electronic communications, between Mr. Goggin and Lori Lane.

**RESPONSE:**

69. A copy of the account statements for any line-of-credit held by the Goggin Firm from 2015 to present.

**RESPONSE:**

70. A copy of the account statements for any credit cards held by the Goggin Firm from 2015 to present.

**RESPONSE:**

71. Any and all medical records of Mr. Goggin relating to alcohol use, addiction, or mental illness.

**RESPONSE:**

72. Any and all documents or records related to your representation of Sean Murtaugh not otherwise covered by these requests, including, but not limited to, fee agreements, engagement letters, retainer agreements, file notes, correspondence, communications, memoranda, pleadings, e-mails, etc.

**RESPONSE:**

73. All internal communications, regardless of form, among your attorneys, staff, or other employees related to Sean Murtaugh.

**RESPONSE:**

74. All documents, notes, messages, and any other entry contained in either your paper files, your electronic case management, and/or file storage systems related to Sean Murtaugh.

**RESPONSE:**

75. All legal memoranda, briefs, and/or other similar documents prepared relating to Sean Murtaugh's case.

**RESPONSE:**

76. All timesheets, handwritten and computer-generated, for any attorney, paralegal, law clerk, intern, assistant, or other employee relating to the representation of Sean Murtaugh, including a description for each time entry.

**RESPONSE:**

77. Any policies and procedures maintained by your firm relating to litigation funding.

**RESPONSE:**

78. Any policies and procedures maintained by your firm relating to document retention.

**RESPONSE:**

79. All books, calendars, diaries, day timers, computer generated case management software information, or other similar compilations maintained for business or professional reasons from relating to Sean Murtaugh.

**RESPONSE:**

80. All complaints previously filed against you or your firm for professional negligence, breach of contract, or fraud.

**RESPONSE:**

81. Copies of all applicable liability insurance policies and face sheets of you or your firm, including but not limited to excess liability policies showing provider, insured, dates, amounts, and limitations of coverage.

**RESPONSE:**

82. Any and all reports, memoranda, or other written statements concerning Plaintiffs sent by Your Firm, or any person acting on its behalf, other than those sent directly to your attorney.

**RESPONSE:**

83. All claims and investigation files of any representative of Defendant in this matter, excluding from this request references to mental impressions, conclusions, or opinions representing the value or merit of the claim or defense or respecting strategy or tactics, and further excluding privileged communications from counsel contained within the file.

**RESPONSE:**

84. Any and all other documentation supporting your answers to these Interrogatories.

**RESPONSE:**

85. Any documentation at all upon which you or your firm intends to base in whole, or in part, any defense to the allegations set forth in Plaintiffs' Complaint.

**RESPONSE:**

86. All other notes, memoranda, correspondence, etc. concerning the Plaintiffs not covered by any of the previous requests.

**RESPONSE:**

**FREIWALD LAW, P.C.**

BY: _____

ZACHARY S. FEINBERG, ESQUIRE
Attorney for Plaintiff

Date:  May 1, 2025

<u>**CERTIFICATE OF SERVICE**</u>

I, Zachary S. Feinberg, Esquire, hereby certify that service of a true and correct copy of the foregoing Request for Production of Documents was served upon the following on this date, via electronic mail, as follows:

Megan M. O'Neill, Esquire
Klehr Harrison Harvey Branzburg, LLP
1835 Market Street, Suite 1400
Philadelphia, PA 19103

Josh J. T. Byrne, Esquire
Marshall Dennehey, P.C.
2000 Market Street, Suite 2300
Philadelphia, PA 19103

_____
ZACHARY S. FEINBERG, ESQUIRE

Date:  May 1, 2025



**FREIWALD
LAW**

Zachary S. Feinberg
zsf@freiwaldlaw.com

August 1, 2025

<u>**Via Email**</u>
Josh J. T. Byrne, Esquire
Marshall Dennehey
2000 Market Street
Suite 2300
Philadelphia, PA  19103

      Re:   **Sean Murtaugh v. Robert S. Goggin, III, Esquire, et al.**
            **USDC for the Eastern District - No. 2:24-cv-00026**

Dear Josh:

Upon review of the Goggin Parties' document production there is a glaring deficiency. It appears that the Goggin Parties have not searched for and produced any electronic communications, including emails and text messages, responsive to Plaintiff's document requests. For instance, you have not produced any emails between Mr. Goggin (or employees of the Goggin Firm) with defense counsel in the underlying case, with Norris Jordan, with Sean Murtaugh, or with any of the experts in the underlying case. This is not intended to limit the responsive search, but merely exemplify the lack of responsive documents that have been produced.

This is not merely a matter of discovery. Mr. Goggin has an ethical duty to provide Mr. Murtaugh with all communications relating to his case.

If you do not produce the electronic communications within five (5) days, then I will be filing a motion to compel. Plaintiff reserves the right to identify additional deficiencies in the production.

Very truly yours,

ZACHARY S. FEINBERG

ZSF/mg
cc:    Megan M. O'Neill, Esquire

# EXHIBIT "B"