## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SEAN MURTAUGH<br><br>v.<br><br>ROBERT S. GOGGIN, III, ESQUIRE,<br>GOGGIN & DUCKWORTH, P.C.,<br>FORCENO GOGGIN & KELLER, P.C.,<br>KELLER & GOGGIN, P.C., JORDAN<br>LITIGATION FUNDING, LLC AND<br>NORRIS JORDAN | NO.  2:24-CV-00026 |

## ORDER

**AND NOW**, this _____ day of _____, 2025, upon consideration of Plaintiff's Motion to Compel Discovery, and any response, it is hereby **ORDERED** that the Motion is **GRANTED.**

It is hereby **ORDERED** that Defendants Robert S. Goggin, III, Esquire, Goggin & Duckworth, P.C., Forceno Goggin & Keller, P.C. and Keller & Goggin shall fully respond to Plaintiff's Request for Production of Documents within ten days.

**BY THE COURT**:

_____
                                                                    J.

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| SEAN MURTAUGH | |
| v. | NO.  2:24-CV-00026 |
| ROBERT S. GOGGIN, III, ESQUIRE, GOGGIN & DUCKWORTH, P.C., FORCENO GOGGIN & KELLER, P.C., KELLER & GOGGIN, P.C., JORDAN LITIGATION FUNDING, LLC AND NORRIS JORDAN | |

**PLAINTIFF SEAN MURTUAGH'S MOTION TO COMPEL**
**DISCOVERY FROM THE GOGGIN DEFENDANTS**

1.      This case alleges that Defendants engaged in a scheme to defraud Plaintiff

Sean Murtaugh out of hundreds of thousands of dollars through unauthorized, deceptive, and

predatory litigation funding agreements.

2.      On May 1, 2025, Plaintiff served Request for Production of Documents on

Defendnats Robert S. Goggin, III, Esquire, Goggin & Duckworth, P.C., Forceno Goggin &

Keller, P.C. and Keller & Goggin (the "Goggin Defendants").

3.      On June 26, 2025, the Goggin Defendants responded to the Request for

Production of Documents and produced documents on July 11, 2025 and July 18, 2025. A copy

of the Goggin Defendant's discovery responses is attached as Exhibit "A."

4.      Plaintiff's counsel addressed certain deficiencies in the Goggin Defendants'

document production for failing to include certain electronically stored information, which is the

subject of Plaintiff's Motion to Compel dated August 8, 2025 [ECF 57] and Renewed Motion to

Compel dated September 5, 2025 [ECF 68].

1

5.      Plaintiff's counsel then addressed additional deficiencies in the Goggin Defendants' discovery responses in a letter dated September 9, 2025. A copy of the letter is attached as Exhibit "B."

6.      The detailed letter lays out the specific basis for compelling the Goggin Defendnats to respond to certain discovery.

7.      Plaintiff's letter seeks more complete responses to Requests No. 12-29, 52-66, 71, and 81 of the document requests served on May 1, 2025.

8.      Plaintiff's letter requested that the Goggin Defendants advise of their availability for a meet-and-confer before the scheduled September 16, 2025 status conference.

9.      The Goggin Defendnats did not respond to Plaintiff's letter in any manner.

10.     This delay in producing documents is causing prejudice to the parties in preparing for depositions and completing discovery in compliance with the Case Management Order.

11.     The discovery deadline is currently September 26, 2025, however, the parties have submitted a joint letter requesting an extension of this deadline.

12.     The Goggin Defendnats late and dilatory discovery practice has caused prejudice to Plaintiff in completing discovery in advance of the discovery deadline.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court require Defendants to provide complete responses to Plaintiff's Request for Production of Documents directed to Defendants within ten days.

**FREIWALD LAW, P.C.**

BY:     _/s/Zachary S. Feinberg_____
          AARON J. FREIWALD, ESQUIRE
          ZACHARY S. FEINBERG, ESQUIRE
          Attorneys for Plaintiff

Date:    September 16, 2025

2

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| SEAN MURTAUGH | |
| v. | NO.  2:24-CV-00026 |
| ROBERT S. GOGGIN, III, ESQUIRE, GOGGIN & DUCKWORTH, P.C., FORCENO GOGGIN & KELLER, P.C., KELLER & GOGGIN, P.C., JORDAN LITIGATION FUNDING, LLC AND NORRIS JORDAN | |

**BRIEF IN SUPPORT OF PLAINTIFF SEAN MURTUAGH'S**
**MOTION TO COMPEL DISCOVERY FROM THE GOGGIN DEFENDANTS**

**I.    STATEMENT OF FACTS**

This case alleges that Defendants engaged in a scheme to defraud Plaintiff Sean Murtaugh out of hundreds of thousands of dollars through unauthorized, deceptive, and predatory litigation funding agreements.

On May 1, 2025, Plaintiff served Request for Production of Documents on Defendnats Robert S. Goggin, III, Esquire, Goggin & Duckworth, P.C., Forceno Goggin & Keller, P.C. and Keller & Goggin (the "Goggin Defendants"). On June 26, 2025, the Goggin Defendants responded to the Request for Production of Documents and produced documents on July 11, 2025 and July 18, 2025. A copy of the Goggin Defendant's discovery responses is attached as Exhibit "A."

Plaintiff's counsel addressed certain deficiencies in the Goggin Defendants' document production for failing to include certain electronically stored information, which is the subject of Plaintiff's Motion to Compel dated August 8, 2025 [ECF 57] and Renewed Motion to Compel dated September 5, 2025 [ECF 68].

1

Plaintiff's counsel then addressed additional deficiencies in the Goggin Defendants' discovery responses in a letter dated September 9, 2025. A copy of the letter is attached as Exhibit "B." The detailed letter lays out the specific basis for compelling the Goggin Defendnats to respond to certain discovery. Plaintiff's letter requested that the Goggin Defendants advise of their availability for a meet-and-confer before the scheduled September 16, 2025 status conference. The Goggin Defendnats did not respond to Plaintiff's letter in any manner.

## II.   STATEMENT OF THE QUESTIONS INVOVLED

Should the Court grant Plaintiff's Motion to Compel Discovery?

**Suggested Answer:   Yes.**

## III.   ARGUMENT

This delay in producing documents is causing prejudice to the parties in preparing for depositions and completing discovery in compliance with the Case Management Order. The discovery deadline is currently September 26, 2025, however, the parties have submitted a joint letter requesting an extension of this deadline. The Goggin Defendnats late and dilatory discovery practice has caused prejudice to Plaintiff in completing discovery in advance of the discovery deadline.

## IV.   RELIEF REQUESTED

For these reasons, Plaintiff respectfully requests this Honorable Court to enter the attached proposed Order.

**FREIWALD LAW, P.C.**

BY:   */s/Zachary S. Feinberg*
AARON J. FREIWALD, ESQUIRE
ZACHARY S. FEINBERG, ESQUIRE
Attorneys for Plaintiff

Date:   September 16, 2025

2

## CERTIFICATE OF SERVICE

I, Zachary S. Feinberg, Esquire, hereby certify that service of a true and correct copy of the

foregoing Motion to Compel Discovery was served upon the following on this date, via the Court's

electronic filing system, as follows:

Megan M. O'Neill, Esquire
Klehr Harrison Harvey Branzburg, LLP
1835 Market Street, Suite 1400
Philadelphia, PA 19103

Josh J. T. Byrne, Esquire
Marshall Dennehey, P.C.
2000 Market Street, Suite 2300
Philadelphia, PA 19103

_____
ZACHARY S. FEINBERG, ESQUIRE

Date:  September 16, 2025

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Sean Murtaugh | : | |
| | : | |
| v. | : | Civil Action No. 2:24-cv 00026-JFM |
| | : | |
| Robert S. Goggin, III, Esquire, Goggin & | : | |
| Duckworth, P.C., Forceno Goggin & Keller, P.C. | : | |
| Keller and Goggin, P.C., Jordan Litigation | : | |
| Funding, LLC, Norris Jordan | : | |

## ANSWER OF DEFENDANTS, ROBERT S. GOGGIN, III, ESQUIRE, GOGGIN & DUCKWORTH, P.C., FORCENO GOGGIN & KELLER, P.C., AND KELLER & GOGGIN, P.C., TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS

Defendants, Robert S. Goggin, III, Esquire, Goggin & Duckworth, P.C., Forceno Goggin & Keller, P.C., and Keller & Goggin, P.C. ("answering defendants"), by and through their attorneys Marshall Dennehey, P.C., hereby respond to plaintiff's Request for Production of Documents:

## GENERAL OBJECTIONS

1. Answering defendants object to each and every document request to the extent that it seeks information which is protected from discovery by the attorney-client privilege, work product doctrine or other applicable privilege.

2. Answering defendants object to plaintiff's Instructions to the extent they seek to extend Answering defendants' obligations beyond that which is required by the Federal Rules of Civil Procedure.

3. Answering defendants object to each and every document request to the extent that it seeks information which is irrelevant to the subject matter involved in the pending litigation and is not reasonably calculated to lead to the discovery of admissible evidence.

4. Answering defendants object to each and every document request to the extent that it is vague, ambiguous, overly broad, harassing, not properly limited in scope, repetitive, or would cause unreasonable annoyance, oppression, burden, and/or expense to answering defendants.

EXHIBIT "A"

5. Answering defendants object to each and every document request to the extent that it seeks, without the execution of an appropriate form of Protective Order or confidentiality agreement, proprietary, confidential or other sensitive non-public information that is not privileged.

6. Answering defendants object to each and every document request to the extent that it calls for legal conclusions and/or expert opinions.

7. Answering defendants object to each and every document request to the extent that it seeks documents not within its possession, custody or control.

8. Answering defendants object to each and every document request to the extent that it requires answering defendant to produce documents already within the possession, custody or control of plaintiff's and/or plaintiff's counsel.

9. Answering defendants object to each and every document request to the extent that the documentation sought may be derived from an examination of any document equally available to the requesting party, or via any document in the possession or control of the requesting party, or is otherwise obtainable by the requesting party from a source other than answering defendant in a reasonably convenient or less burdensome manner.

10. Answering defendants object to the Definitions to the extent that they attempt to impose requirements for response on answering defendant which differ from the requirements imposed by the applicable Federal Rules of Civil Procedure.  Answering defendant also object to the Definitions on the grounds and to the extent that they attempt to alter the ordinary definitions of standard English words.  Answering defendant' answers and objections to these requests will be provided consistent with the applicable Federal Rules of Civil Procedure only.

11. Answering defendants object to the extent that any request for production inquires about "any" "all," "each," or "every," as such request is overly broad and unduly burdensome. It is impossible to represent, even after a reasonably diligent search, that "any" "all," "each," or "every" communication, conversation, meeting, act, fact, information, person, item, document or thing falling within a description can be or has been identified.  Therefore, Answering Defendant cannot warrant or represent that they have identified or provided "any" "all," "each," or "every" communication, conversation, meeting, act, fact, information, person, item, document, or thing of a type requested, only that they have identified or provided all of those communications, conversations, meetings, acts, facts, informations, persons, items, documents, or things that he could identify after a reasonably diligent review of the record.  Any further requirement is objected to as unduly burdensome.

12. Answering defendants object to each and every document request to the extent that such request is argumentative, hypothetical or calls for speculation.

13. Answering defendants object to each and every document request to the extent that such request is premised on a misinterpretation or mischaracterization of a document or fact.

14. Answering defendants object to each and every document request to the extent that Plaintiff failed to set forth definitions of key terms relevant thereto.

15. Answering defendants object to any definition or meaning, express or implied, to the extent that it may differ from the ordinary meaning of the word or term.

## PRESERVATION OF RIGHTS

All responses to these requests are made without in any way waiving or intending to waive, but on the contrary, intending to preserve and preserving:

1. All questions as to competency, relevancy, materiality, privilege and admissibility for any purpose in any subsequent proceeding or the trial of this or any other action;

2. The right to object on any grounds to the use of any information requested, or the subject matter thereof, in any subsequent proceeding or at the trial of this or any other action;

3. The right to object on any grounds at any time to a demand for further responses to these requests or other discovery proceedings involving or relating to the subject matter of the requests and objections set forth herein answered; and

4. The right at any time to revise, correct, supplement, clarify, and/or amend the responses and objections set forth herein.

## REQUEST FOR PRODUCTION OF DOCUMENTS

1. Any and all partnership agreements for the following entities:
   a. Goggin & Duckworth, P.C.
   b. Forceno, Goggin, & Keller, P.C.
   c. Keller & Goggin, P.C.

**RESPONSE:  Answering defendants object to this request as overly broad.  Subject to and without waiving the forgoing objections, answering defendants will produce all relevant corporate documents.**

2. Any and all dissolution agreements for the following entities:
   a. Goggin & Duckworth, P.C.
   b. Forceno, Goggin, & Keller, P.C.
   c. Keller & Goggin, P.C.

**RESPONSE:  Answering defendants object to this request as overly broad and vague.  The term "dissolution agreement" is not defined. Subject to and without waiving the forgoing objections, answering defendants will produce all relevant corporate documents.**

3. Any and all articles of incorporation for the following entities:
   a. Goggin & Duckworth, P.C.
   b. Forceno, Goggin, & Keller, P.C.
   c. Keller & Goggin, P.C.

**RESPONSE:  Answering defendants object to this request as overly broad.  Subject to and without waiving the forgoing objections, answering defendants will produce all relevant corporate documents.**

4. Any and all by-laws for the following entities:
   a. Goggin & Duckworth, P.C.
   b. Forceno, Goggin, & Keller, P.C.
   c. Keller & Goggin, P.C.

**RESPONSE:  Answering defendants object to this request as overly broad.  Subject to and without waiving the forgoing objections, answering defendants will produce all relevant corporate documents.**

5. Any and all separation agreements for the following entities:
   a. Goggin & Duckworth, P.C.
   b. Forceno, Goggin, & Keller, P.C.
   c. Keller & Goggin, P.C.

**RESPONSE: Answering defendants object to this request as overly broad, vague and not reasonably calculated to lead to the discovery of admissible evidence. "Separation agreements" is not defined.**

6. Any and all employment agreements for any attorney at the Goggin Firm from January 1, 2018 to the present.

**RESPONSE: Answering defendants object to this request as overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and as seeking sensitive and confidential business information.**

7. Any and all employment agreements for any staff member at the Goggin Firm from January 1, 2018 to the present.

**RESPONSE: Answering defendants object to this request as overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and as seeking sensitive and confidential business information.**

8. Any and all balance sheets for the Goggin Firm from 2015 to present.

**RESPONSE: Answering defendants object to this request as overly broad, unduly burdensome, not reasonably limited in temporal scope, not reasonably calculated to lead to the discovery of admissible evidence, and as seeking sensitive and confidential business information.**

9. Any and all income statements for the Goggin Firm from 2015 to present.

**RESPONSE: Answering defendants object to this request as overly broad, unduly burdensome, not reasonably limited in temporal scope, not reasonably calculated to lead to the discovery of admissible evidence, and as seeking sensitive and confidential business information.**

10. Any and all profit and loss statements for the Goggin Firm from 2015 to present.

**RESPONSE: Answering defendants object to this request as overly broad, unduly burdensome, not reasonably limited in temporal scope, not reasonably calculated to lead to the discovery of admissible evidence, and as seeking sensitive and confidential business information.**

11. Any and all cash flow statements for the Goggin Firm from 2015 to present.

**RESPONSE: Answering defendants object to this request as overly broad, unduly burdensome, not reasonably limited in temporal scope, not reasonably calculated to lead to the discovery of admissible evidence, and as seeking sensitive and confidential business information.**

12.    A copy of the general ledger for the Goggin Firm from 2015 to present.

**RESPONSE: Answering defendants object to this request as overly broad, unduly burdensome, not reasonably limited in temporal scope, not reasonably calculated to lead to the discovery of admissible evidence, and as seeking sensitive and confidential business information.**

13.    A copy of the IOLTA account for the Goggin Firm from 2015 to present.

**RESPONSE:  Answering defendants object to this request as overly broad, unduly burdensome, not reasonably limited in temporal scope, not reasonably calculated to lead to the discovery of admissible evidence, and as seeking sensitive and confidential business information. Answering defendants further object to this request as requesting information subject to attorney client privilege, and Rule 1.6 of the Pennsylvania Rules of Professional Conduct, which prevents answering defendants from sharing information about clients other than plaintiff with plaintiff.  *See, e.g.*, Comment to Pa.R.P.C. 1.6 (...in the absence of the client's informed consent, the lawyer must not reveal information relating to the representation.).**

14.    A copy of the account statements for each and every bank account held by the Goggin Firm from 2015 to present.

**RESPONSE:  Answering defendants object to this request as overly broad, unduly burdensome, not reasonably limited in temporal scope, not reasonably calculated to lead to the discovery of admissible evidence, and as seeking sensitive and confidential business information. Answering defendants further object to this request as requesting information subject to attorney client privilege, and Rule 1.6 of the Pennsylvania Rules of Professional Conduct.**

15.    A copy of the account statements for the Goggin Firm IOLTA accounts from 2015 to present.

**RESPONSE:  Answering defendants object to this request as overly broad, unduly burdensome, not reasonably limited in temporal scope, not reasonably calculated to lead to the discovery of admissible evidence, and as seeking sensitive and confidential business information. Answering defendants further object to this request as requesting information subject to attorney client privilege, and Rule 1.6 of the Pennsylvania Rules of Professional Conduct.**

16. A copy of the account statements for any line-of-credit held by the Goggin Firm from 2015 to present.

**RESPONSE:  Answering defendants object to this request as overly broad, unduly burdensome, not reasonably limited in temporal scope, not reasonably calculated to lead to the discovery of admissible evidence, and as seeking sensitive and confidential business information.**

17. A copy of the account statements for any credit cards held by the Goggin Firm from 2015 to present.

**RESPONSE:  Answering defendants object to this request as overly broad, unduly burdensome, not reasonably limited in temporal scope, not reasonably calculated to lead to the discovery of admissible evidence, and as seeking sensitive and confidential business information.**

18. Any and all communications between Mr. Goggin or anyone employed with or acting on behalf of the Goggin Firm and anyone with the Brotherhood of Maintenance of Ways Employees union.

**RESPONSE:  Answering defendants object to this request as overly broad, unduly burdensome, not limited in temporal scope, and not reasonably calculated to lead to the discovery of admissible evidence. Answering defendants further object to this request to the extent it seeks information subject to attorney client privilege and/or work product doctrine, and/or information subject to Rule 1.6 of the Pennsylvania Rules of Professional Conduct.**

19. Any and all agreements between Mr. Goggin or the Goggin Firm and the Brotherhood of Maintenance of Ways Employees union.

**RESPONSE:  Answering defendants object to this request as overly broad, unduly burdensome, not limited in temporal scope, and not reasonably calculated to lead to the discovery of admissible evidence. Answering defendants further object to this request to the extent it seeks information subject to attorney client privilege and/or work product doctrine, and/or information subject to Rule 1.6 of the Pennsylvania Rules of Professional Conduct.**

20. Any and all receipts for events sponsored by Mr. Goggin or the Goggin Firm for the Brotherhood of Maintenance of Ways Employees union.

**RESPONSE:  Answering defendants object to this request as overly broad, unduly burdensome, not limited in temporal scope, and not reasonably calculated to lead to the discovery of admissible evidence.**

21. Any and all documents or records relating to contributions made by Mr. Goggin or the Goggin Firm to the Brotherhood of Maintenance of Ways Employees union.

**RESPONSE: Answering defendants object to this request as overly broad, unduly burdensome, not limited in temporal scope, and not reasonably calculated to lead to the discovery of admissible evidence.**

22. A list of cases handled by the Goggin Firm on behalf of Brotherhood of Maintenance of Ways Employees union members.

**RESPONSE: Answering defendants object to this request as overly broad, unduly burdensome, not limited in temporal scope, and not reasonably calculated to lead to the discovery of admissible evidence. Answering defendants further object to this request to the extent it seeks information subject to attorney client privilege and/or work product doctrine, and information subject to Rule 1.6 of the Pennsylvania Rules of Professional Conduct.**

23. Any and all documents or records of referral fees paid by Mr. Goggin or the Goggin Firm to the Brotherhood of Maintenance of Ways Employees union, or anyone affiliated with the Brotherhood of Maintenance of Ways Employees union.

**RESPONSE: Answering defendants object to this request as overly broad, unduly burdensome, not limited in temporal scope, and not reasonably calculated to lead to the discovery of admissible evidence.**

24. Any and all documents or records of payments made by Mr. Goggin or the Goggin Firm to the Brotherhood of Maintenance of Ways Employees union, or anyone affiliated with the Brotherhood of Maintenance of Ways Employees union.

**RESPONSE: Answering defendants object to this request as overly broad, unduly burdensome, not limited in temporal scope, and not reasonably calculated to lead to the discovery of admissible evidence.**

25. Any and all communications relating to Sean Murtaugh between the
    Goggin Firm and any of the following individuals (or an agent thereof):
     a.  Rosette C. Biester, Ph.D.;
     b.  Burton Weiss, M.D.;
     c.  Neil K. Shirk;
     d.  Juma Haider, M.D.;
     e.  The National Brain Injury Institute;
     f.  Guy W. Fried, M.D.;
     g.  Shahin J. Korangy, M.D.;
     h.  Alex Karras;
     i.  Terence H. Walsh;
     j.  Andrew C. Verzilli.

**RESPONSE:  Answering defendants object to this request as overly broad
and unduly burdensome.  Subject to and without waiving the forgoing
objections, please see forthcoming document production.**

26. Any and all documents relating to Sean Murtaugh either sent to or
    received from the Goggin Firm and any of the following individuals (or
    an agent thereof):
     a.  Rosette C. Biester, Ph.D.;
     b.  Burton Weiss, M.D.;
     c.  Neil K. Shirk;
     d.  Juma Haider, M.D.;
     e.  The National Brain Injury Institute;
     f.  Guy W. Fried, M.D.;
     g.  Shahin J. Korangy, M.D.;
     h.  Alex Karras;
     i.  Terence H. Walsh;
     j.  Andrew C. Verzilli.

**RESPONSE:  Answering defendants object to this request as overly broad
and unduly burdensome.  Subject to and without waiving the forgoing
objections, please see forthcoming document production.**

27. Any and all payment records relating to Sean Murtaugh between the Goggin Firm and any of the following individuals (or an agent thereof):
   a. Rosette C. Biester, Ph.D.;
   b. Burton Weiss, M.D.;
   c. Neil K. Shirk;
   d. Juma Haider, M.D.;
   e. The National Brain Injury Institute;
   f. Guy W. Fried, M.D.;
   g. Shahin J. Korangy, M.D.;
   h. Alex Karras;
   i. Terence H. Walsh;
   j. Andrew C. Verzilli.

**RESPONSE: Answering defendants object to this request as vague, overly broad and unduly burdensome. The term "payment records" is undefined. Subject to and without waiving the forgoing objections, please see forthcoming document production.**

28. Any and all communications between the Goggin Firm and any of the following individuals (or an agent thereof):
   a. Rosette C. Biester, Ph.D.;
   b. Burton Weiss, M.D.;
   c. Neil K. Shirk;
   d. Juma Haider, M.D.;
   e. The National Brain Injury Institute;
   f. Guy W. Fried, M.D.;
   g. Shahin J. Korangy, M.D.;
   h. Alex Karras;
   i. Terence H. Walsh;
   j. Andrew C. Verzilli.

**RESPONSE: Answering defendants object to this request as overly broad and unduly burdensome. Answering defendant further object to this request to the extent it seeks communications not limited to those concerning plaintiff, and information subject to attorney-client and/or work product doctrine, and/or HIPPA, and/or information subject to Rule 1.6 of the Pennsylvania Rules of Professional Conduct. Subject to and without waiving the forgoing objections, please see forthcoming document production as it relates to communications concerning plaintiff.**

29. Any and all payment records between the Goggin Firm and any of the
following individuals (or an agent thereof):

    a.  Rosette C. Biester, Ph.D.;

    b.  Burton Weiss, M.D.;

    c.  Neil K. Shirk;

    d.  Juma Haider, M.D.;

    e.  The National Brain Injury Institute;

    f.  Guy W. Fried, M.D.;

    g.  Shahin J. Korangy, M.D.;

    h.  Alex Karras;

    i.  Terence H. Walsh;

    j.  Andrew C. Verzilli.

**RESPONSE:  Answering defendants object to this request as vague, overly broad, unduly burdensome, and to the extent it is duplicative of Request No. 27.  Answering defendant further object to this request to the extent it seeks payment records not limited to those concerning plaintiff, and information subject to attorney-client and/or work product doctrine, and/or HIPPA, and/or information subject to Rule 1.6 of the Pennsylvania Rules of Professional Conduct.  The term "payment records" is undefined. Subject to and without waiving the forgoing objections, please see forthcoming document production as it relates to payment records concerning plaintiff.**

30. Any and all communications between the Goggin Firm and counsel for Amtrak relating to Sean Murtaugh.

**RESPONSE: Answering defendants object to this request as overly broad and unduly burdensome. Subject to and without waiving the forgoing objections, please see forthcoming document production.**

31. Any and all documents exchanged between the Goggin Firm and counsel for Amtrak relating to Sean Murtaugh.

**RESPONSE: Answering defendants object to this request as overly broad and unduly burdensome. Subject to and without waiving the forgoing objections, please see forthcoming document production.**

32. Any and all communications between the Goggin Firm and counsel for T-Mobile relating to Sean Murtaugh.

**RESPONSE: Answering defendants object to this request as overly broad and unduly burdensome. Subject to and without waiving the forgoing objections, please see forthcoming document production.**

33. Any and all documents exchanged between the Goggin Firm and counsel for T-Mobile relating to Sean Murtaugh.

**RESPONSE: Answering defendants object to this request as overly broad and unduly burdensome. Subject to and without waiving the forgoing objections, please see forthcoming document production.**

34. Any and all communications between Mr. Goggin, anyone at the Goggin Firm, or the Goggin Firm with Norris Jordan — including but not limited to those relating to Sean Murtaugh.

**RESPONSE: Answering defendants object to this request as overly broad, unduly burdensome, not limited in temporal scope, and to the extent it seeks information subject to attorney client privilege and/or work product doctrine, and/or information subject to Rule 1.6 of the Pennsylvania Rules of Professional Conduct. Subject to and without waiving the forgoing objections, please see forthcoming document production as it relates to plaintiff.**

35. Any and all communications between Mr. Goggin, anyone at the Goggin Firm, or the Goggin Firm with anyone affiliated with Jordan Litigation Funding — including but not limited to those relating to Sean Murtaugh.

**RESPONSE: Answering defendants object to this request as overly broad, unduly burdensome, not limited in temporal scope, and to the extent it seeks information subject to attorney client privilege and/or work product doctrine, and/or information subject to Rule 1.6 of the Pennsylvania Rules of Professional Conduct. Subject to and without waiving the forgoing objections, please see forthcoming document production as it relates to plaintiff.**

36. Any and all agreements between Mr. Goggin or anyone at the Goggin Firm with Norris Jordan — including but not limited to those relating to Sean Murtaugh.

**RESPONSE: Answering defendants object to this request as overly broad, unduly burdensome, not limited in temporal scope, and to the extent it seeks information subject to attorney client privilege and/or work product doctrine, and/or information subject to Rule 1.6 of the Pennsylvania Rules of Professional Conduct. Subject to and without waiving the forgoing objections, please see forthcoming document production as it relates to plaintiff.**

37. Any and all agreements between Mr. Goggin, anyone at the Goggin Firm, or the Goggin Firm with anyone affiliated with Jordan Litigation Funding — including but not limited to those relating to Sean Murtaugh.

**RESPONSE:  Answering defendants object to this request as overly broad, unduly burdensome, not limited in temporal scope, and to the extent it seeks information subject to attorney client privilege and/or work product doctrine, and/or information subject to Rule 1.6 of the Pennsylvania Rules of Professional Conduct.  Subject to and without waiving the forgoing objections, please see forthcoming document production as it relates to plaintiff.**

38. Any and all payment records between Mr. Goggin, anyone at the Goggin Firm, or the Goggin Firm with Norris Jordan — including but not limited to those relating to Sean Murtaugh.

**RESPONSE:  Answering defendants object to this request as overly broad, unduly burdensome, not limited in temporal scope, and to the extent it seeks information subject to attorney client privilege and/or work product doctrine, and/or information subject to Rule 1.6 of the Pennsylvania Rules of Professional Conduct.  The term "payment records" is undefined. Subject to and without waiving the forgoing objections, please see forthcoming document production as it relates to plaintiff.**

39. Any and all payment records between Mr. Goggin, anyone at the Goggin Firm, or the Goggin Firm with anyone affiliated with Jordan Litigation Funding — including but not limited to those relating to Sean Murtaugh.

**RESPONSE:  Answering defendants object to this request as overly broad, unduly burdensome, not limited in temporal scope, and to the extent it seeks information subject to attorney client privilege and/or work product doctrine, and/or information subject to Rule 1.6 of the Pennsylvania Rules of Professional Conduct. The term "payment records" is undefined. Subject to and without waiving the forgoing objections, please see forthcoming document production as it relates to plaintiff.**

40. Any and all documents sent or received between Mr. Goggin, anyone at the Goggin Firm, or the Goggin Firm with Norris Jordan — including but not limited to those relating to Sean Murtaugh.

**RESPONSE: Answering defendants object to this request as overly broad, unduly burdensome, not limited in temporal scope, and to the extent it seeks information subject to attorney client privilege and/or work product doctrine, and/or information subject to Rule 1.6 of the Pennsylvania Rules of Professional Conduct. Subject to and without waiving the forgoing objections, please see forthcoming document production as it relates to plaintiff.**

41. Any and all documents sent or received between Mr. Goggin, anyone at the Goggin Firm, or the Goggin Firm with anyone affiliated with Jordan Litigation Funding — including but not limited to those relating to Sean Murtaugh.

**RESPONSE: Answering defendants object to this request as overly broad, unduly burdensome, not limited in temporal scope, and to the extent it seeks information subject to attorney client privilege and/or work product doctrine, and/or information subject to Rule 1.6 of the Pennsylvania Rules of Professional Conduct. Subject to and without waiving the forgoing objections, please see forthcoming document production as it relates to plaintiff.**

42. Any and all internal communications, including electronic communications, of anyone at the Goggin Firm relating to Sean Murtaugh.

**RESPONSE: Answering defendants object to this request as unduly burdensome. Subject to and without waiving the forgoing objections, please see forthcoming document production.**

43. Any and all internal communications, including electronic communications, of anyone at the Goggin Firm relating to Steve Price.

**RESPONSE: Answering defendants object to this request as unduly burdensome. Answering defendant further object to this request to the extent is seeks information subject to attorney-client privilege and/or work product doctrine, and/or information subject to Rule 1.6 of the Pennsylvania Rules of Professional Conduct. Subject to and without waiving the forgoing objections, please see forthcoming document production as it relates to plaintiff.**

44. Any and all internal communications, including electronic communications, of anyone at the Goggin Firm relating to Jordan Litigation Funding.

**RESPONSE:  Answering defendants object to this request as overly broad and unduly burdensome, and to the extent it seeks information subject to attorney client privilege and/or work product doctrine, and/or information subject to Rule 1.6 of the Pennsylvania Rules of Professional Conduct, as well as to the extent it seeks sensitive and confidential business information.  Subject to and without waiving the forgoing objections, please see forthcoming document production as it relates to plaintiff.**

45. Any and all internal communications, including electronic communications, of anyone at the Goggin Firm relating to Norris Jordan.

**RESPONSE:  Answering defendants object to this request as overly broad and unduly burdensome, and to the extent it seeks information subject to attorney client privilege and/or work product doctrine, and/or information subject to Rule 1.6 of the Pennsylvania Rules of Professional Conduct,  as well as to the extent it seeks sensitive and confidential business information.  Subject to and without waiving the forgoing objections, please see forthcoming document production as it relates to plaintiff.**

46. Any and all communications, including electronic communications, sent or received by anyone at the Goggin Firm relating to Sean Murtaugh.

**RESPONSE:  Answering defendants object to this request as unduly burdensome, and to the extent it is duplicative of Request No. 42.  Subject to and without waiving the forgoing objections, please see forthcoming document production.**

47. Any and all communications, including electronic communications, sent or received by anyone at the Goggin Firm relating to Steve Price.

**RESPONSE:  Answering defendants object to this request as unduly burdensome, and to the extent it is duplicative of Request No. 43. Answering defendant further object to this request to the extent is seeks information subject to attorney-client privilege and/or work product doctrine, and/or information subject to Rule 1.6 of the Pennsylvania Rules of Professional Conduct.  Subject to and without waiving the forgoing objections, please see forthcoming document production as it relates to plaintiff.**

48. Any and all communications, including electronic communications, sent or received by anyone at the Goggin Firm relating to Jordan Litigation Funding.

**RESPONSE:  Answering defendants object to this request as overly broad and unduly burdensome, and to the extent it seeks information subject to attorney client privilege and/or work product doctrine, and/or information subject to Rule 1.6 of the Pennsylvania Rules of Professional Conduct, as well as to the extent it seeks sensitive and confidential business information.  Subject to and without waiving the forgoing objections, please see forthcoming document production as it relates to plaintiff.**

49. Any and all communications, including electronic communications, sent or received by anyone at the Goggin Firm relating to Norris Jordan.

**RESPONSE:  Answering defendants object to this request as overly broad and unduly burdensome, and to the extent it seeks information subject to attorney client privilege and/or work product doctrine, and/or Rule 1.6 of the Pennsylvania Rules of Professional Conduct, as well as to the extent it seeks sensitive and confidential business information.  Subject to and without waiving the forgoing objections, please see forthcoming document production as it relates to plaintiff.**

50. Any and all funding or financing agreements with Jordan Litigation Funding on behalf of a Goggin Firm client.

**RESPONSE:  Answering defendants object to this request as overly broad and unduly burdensome, and to the extent it seeks information subject to attorney client privilege and/or work product doctrine, and/or information subject to Rule 1.6 of the Pennsylvania Rules of Professional Conduct, as well as to the extent it seeks sensitive and confidential business information.  Subject to and without waiving the forgoing objections, please see forthcoming document production as it relates to plaintiff.**

51. Any and all funding or financing agreements relating to Sean Murtaugh.

**RESPONSE:  Answering defendants object to this request as unduly burdensome.  Answering defendant further object to this request to the extent is seeks information subject to attorney-client privilege and/or work product doctrine, and/or Rule 1.6 of the Pennsylvania Rules of Professional Conduct.   Subject to and without waiving the forgoing objections, please see forthcoming document production as it relates to plaintiff.**

52. Any and all partnership agreements for Main Street Business Funding, LLC.

**RESPONSE:  Answering defendants object to this request as overly broad, unduly burdensome, not limited in temporal scope, as well as to the extent it seeks sensitive and confidential business information of a non-party entity.  Answering defendants further object to this request to the extent it is not reasonably calculated to lead to the discovery of admissible evidence.**

53. Any and all dissolution agreements for Main Street Business Funding, LLC.

**RESPONSE:  Answering defendants object to this request as overly broad, unduly burdensome, not limited in temporal scope, as well as to the extent it seeks sensitive and confidential business information of a non-party entity. Answering defendants further object to this request to the extent it is not reasonably calculated to lead to the discovery of admissible evidence.**

54. Any and all articles of incorporation for Main Street Business Funding, LLC.

**RESPONSE:  Answering defendants object to this request as overly broad, unduly burdensome, not limited in temporal scope, as well as to the extent it seeks sensitive and confidential business information of a non-party entity.  Answering defendants further object to this request to the extent it is not reasonably calculated to lead to the discovery of admissible evidence.**

55. Any and all by-laws for Main Street Business Funding, LLC.

**RESPONSE:  Answering defendants object to this request as overly broad, unduly burdensome, not limited in temporal scope, as well as to the extent it seeks sensitive and confidential business information of a non-party entity.  Answering defendants further object to this request to the extent it is not reasonably calculated to lead to the discovery of admissible evidence.**

56. Any and all balance sheets for Main Street Business Funding, LLC.

**RESPONSE:  Answering defendants object to this request as overly broad, unduly burdensome, not limited in temporal scope, as well as to the extent it seeks sensitive and confidential business information of a non-party entity.  Answering defendants further object to this request to the extent it is not reasonably calculated to lead to the discovery of admissible evidence.**

57. Any and all income statements for Main Street Business Funding, LLC.

**RESPONSE:  Answering defendants object to this request as overly broad, unduly burdensome, not limited in temporal scope, as well as to the extent it seeks sensitive and confidential business information of a non-party entity.  Answering defendants further object to this request to the extent it is not reasonably calculated to lead to the discovery of admissible evidence.**

58. Any and all profit and loss statements for Main Street Business Funding, LLC.

**RESPONSE:  Answering defendants object to this request as overly broad, unduly burdensome, not limited in temporal scope, as well as to the extent it seeks sensitive and confidential business information of a non-party entity.  Answering defendants further object to this request to the extent it is not reasonably calculated to lead to the discovery of admissible evidence.**

59. Any and all cash flow statements for Main Street Business Funding, LLC.

**RESPONSE:  Answering defendants object to this request as overly broad, unduly burdensome, not limited in temporal scope, as well as to the extent it seeks sensitive and confidential business information of a non-party entity.  Answering defendants further object to this request to the extent it is not reasonably calculated to lead to the discovery of admissible evidence.**

60. A copy of the general ledger for Main Street Business Funding, LLC.

**RESPONSE:  Answering defendants object to this request as overly broad, unduly burdensome, not limited in temporal scope, as well as to the extent it seeks sensitive and confidential business information of a non-party entity.  Answering defendants further object to this request to the extent it is not reasonably calculated to lead to the discovery of admissible evidence.**

61. A copy of the account statements for each and every bank account held by Main Street Business Funding, LLC.

**RESPONSE:  Answering defendants object to this request as overly broad, unduly burdensome, not limited in temporal scope, as well as to the extent it seeks sensitive and confidential business information of a non-party entity.  Answering defendants further object to this request to the extent it is not reasonably calculated to lead to the discovery of admissible evidence.**

62. Records of any and all transactions between Main Street Business Funding, LLC and the Goggin Firm.

**RESPONSE: Answering defendants object to this request as overly broad, unduly burdensome, not limited in temporal scope, as well as to the extent it seeks sensitive and confidential business information. Answering defendants further object to this request to the extent it is not reasonably calculated to lead to the discovery of admissible evidence.**

63. Documents or records of any and all litigation funding or financing provided by Main Street Business Funding, LLC to anyone.

**RESPONSE: Answering defendants object to this request as overly broad, unduly burdensome, not limited in temporal scope, as well as to the extent it seeks sensitive and confidential business information of a non-party entity. Answering defendants further object to this request to the extent it is not reasonably calculated to lead to the discovery of admissible evidence.**

64. Any and all agreements between Main Street Business Funding and the Goggin Firm.

**RESPONSE: Answering defendants object to this request as overly broad, unduly burdensome, not limited in temporal scope, as well as to the extent it seeks sensitive and confidential business information of a non-party entity. Answering defendants further object to this request to the extent it is not reasonably calculated to lead to the discovery of admissible evidence.**

65. Any and all agreements between Main Street Business Funding and Jordan Litigation Funding or Norris Jordan.

**RESPONSE: Answering defendants object to this request as overly broad, unduly burdensome, not limited in temporal scope, as well as to the extent it seeks sensitive and confidential business information of a non-party entity. Answering defendants further object to this request to the extent it is not reasonably calculated to lead to the discovery of admissible evidence.**

66. Any and all documents, records, or communications of any creditors against Main Line Business Funding, LLC.

**RESPONSE:  Answering defendants object to this request as overly broad, unduly burdensome, not limited in temporal scope, as well as to the extent it seeks sensitive and confidential business information of a non-party entity.  Answering defendants further object to this request to the extent it is not reasonably calculated to lead to the discovery of admissible evidence.**

67. Any and all communications, including electronic communications, between Mr. Goggin and Jack Lane.

**RESPONSE:  Answering defendants object to this request as overly broad, unduly burdensome, not limited in temporal scope, and not reasonably calculated to lead to the discovery of admissible evidence.**

68. Any and all communications, including electronic communications, between Mr. Goggin and Lori Lane.

**RESPONSE:  Answering defendants object to this request as overly broad, unduly burdensome, not limited in temporal scope, and not reasonably calculated to lead to the discovery of admissible evidence.**

69. A copy of the account statements for any line-of-credit held by the Goggin Firm from 2015 to present.

**RESPONSE:  Answering defendants object to this request as overly broad, unduly burdensome, not reasonably limited in temporal scope, as well as to the extent it seeks sensitive and confidential business information.  Answering defendants further object to this request to the extent it is not reasonably calculated to lead to the discovery of admissible evidence.**

70. A copy of the account statements for any credit cards held by the Goggin Firm from 2015 to present.

**RESPONSE:  Answering defendants object to this request as overly broad, unduly burdensome, not reasonably limited in temporal scope, as well as to the extent it seeks sensitive and confidential business information.  Answering defendants also object to this request to the extent it is duplicative of Request No. 17.   Answering defendants further object to this request to the extent it is not reasonably calculated to lead to the discovery of admissible evidence.**

71. Any and all medical records of Mr. Goggin relating to alcohol use, addiction, or mental illness.

**RESPONSE: Answering defendants object to this request as overly broad, unduly burdensome, harassing, and to the extent it seeks confidential medical information. Answering defendants further object to this request to the extent it is not reasonably calculated to lead to the discovery of admissible evidence.**

72. Any and all documents or records related to your representation of Sean Murtaugh not otherwise covered by these requests, including, but not limited to, fee agreements, engagement letters, retainer agreements, file notes, correspondence, communications, memoranda, pleadings, e-mails, etc.

**RESPONSE: Answering defendants object to this request as overly broad and unduly burdensome. Subject to and without waiving the forgoing objections, please see forthcoming document production.**

73. All internal communications, regardless of form, among your attorneys, staff, or other employees related to Sean Murtaugh.

**RESPONSE: Answering defendants object to this request as overly broad and unduly burdensome. Subject to and without waiving the forgoing objections, please see forthcoming document production.**

74. All documents, notes, messages, and any other entry contained in either your paper files, your electronic case management, and/or file storage systems related to Sean Murtaugh.

**RESPONSE: Answering defendants object to this request as overly broad and unduly burdensome. Subject to and without waiving the forgoing objections, please see forthcoming document production.**

75. All legal memoranda, briefs, and/or other similar documents prepared relating to Sean Murtaugh's case.

**RESPONSE: Answering defendants object to this request as overly broad and unduly burdensome. Subject to and without waiving the forgoing objections, please see forthcoming document production.**

76. All timesheets, handwritten and computer-generated, for any attorney, paralegal, law clerk, intern, assistant, or other employee relating to the representation of Sean Murtaugh, including a description for each time entry.

**RESPONSE:  Answering defendants object to this request as overly broad and unduly burdensome.  Subject to and without waiving the forgoing objections, please see forthcoming document production.**

77. Any policies and procedures maintained by your firm relating to litigation funding.

**RESPONSE:  Answering defendants object to this request as overly broad, unduly burdensome, not reasonably limited in temporal scope, as well as to the extent it seeks sensitive and confidential business information.**

78. Any policies and procedures maintained by your firm relating to document retention.

**RESPONSE: Answering defendants object to this request as overly broad, unduly burdensome, not reasonably limited in temporal scope, as well as to the extent it seeks sensitive and confidential business information.**

79. All books, calendars, diaries, day timers, computer generated case management software information, or other similar compilations maintained for business or professional reasons from relating to Sean Murtaugh.

**RESPONSE:  Answering defendants object to this request as overly broad, confusing/incomprehensible, and not reasonably calculated to the discovery of admissible evidence.**

80. All complaints previously filed against you or your firm for professional negligence, breach of contract, or fraud.

**RESPONSE:  Answering defendants object to this request as overly broad, harassing, unduly burdensome, and not limited in temporal scope.**

81. Copies of all applicable liability insurance policies and face sheets of you or your firm, including but not limited to excess liability policies showing provider, insured, dates, amounts, and limitations of coverage.

**RESPONSE:  Answering defendant objects to this request as overly broad, vague, harassing and unduly burdensome.  Answering defendant cannot make a determination as to whether the claims identified in plaintiff's amended complaint are covered by an insurance policy.  Subject to and without waiving the forgoing objections, please see policy document previously produced.**

82. Any and all reports, memoranda, or other written statements concerning Plaintiffs sent by Your Firm, or any person acting on its behalf, other than those sent directly to your attorney.

**RESPONSE:  Answering defendants object to this request as overly broad and unduly burdensome.  Subject to and without waiving the forgoing objections, please see forthcoming document production.**

83. All claims and investigation files of any representative of Defendant in this matter, excluding from this request references to mental impressions, conclusions, or opinions representing the value or merit of the claim or defense or respecting strategy or tactics, and further excluding privileged communications from counsel contained within the file.

**RESPONSE: Answering defendants object to this request as overly broad, harassing, unduly burdensome, and not reasonably calculated to the discovery of admissible evidence.  Answering defendants further object to this request as seeking information subject to attorney client privilege and/or work product doctrine, and/or information subject to Rule 1.6 of the Pennsylvania Rules of Professional Conduct.**

84. Any and all other documentation supporting your answers to these Interrogatories.

**RESPONSE:  Answering defendants object to this request as vague, overly broad, and unduly burdensome.  Subject to and without waiving the forgoing objections, please see forthcoming document production.**

85. Any documentation at all upon which you or your firm intends to base in whole, or in part, any defense to the allegations set forth in Plaintiffs' Complaint.

**RESPONSE: Answering defendants object to this request to the extent it refers to trial exhibits. Answering defendants have not yet decided what exhibits, if any, will be used at trial. Subject to and without waiving the forgoing objections, please see forthcoming document production.**

86. All other notes, memoranda, correspondence, etc. concerning the Plaintiffs not covered by any of the previous requests.

**RESPONSE: Answering defendants object to this request as overly broad, unduly burdensome, and to the extent it seeks information subject to attorney-client privilege and/or work product doctrine, and or Rule 1.6 of the Pennsylvania Rules of Professional Conduct. Answering defendants further object to this request to the extent it is in any way duplicative of previous requests. Subject to and without waiving the forgoing objections, please see forthcoming document production.**

**MARSHALL DENNEHEY, P.C.**

BY: _____

JOSH J.T. BYRNE, ESQUIRE
Attorney ID No.: 85474
2000 Market Street, Suite 2300
Philadelphia, PA 19103
(215) 575-2600
Email: jtbyrne@mdwcg.com
*Attorney for Defendants,*
*Robert S. Goggin, III, Esquire,*
*Goggin & Duckworth, P.C.,*
*Forceno Goggin & Keller, P.C.,*
*Keller & Goggin, P.C.*

Dated: June 26, 2025

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| Sean Murtaugh | : |
| | : |
| v. | : Civil Action No. 2:24-cv-00026-JFM |
| | : |
| Robert S. Goggin, III, Esquire, Goggin & | : |
| Duckworth, P.C., Forceno Goggin & Keller, P.C., | : |
| Keller and Goggin, P.C., Jordan Litigation | : |
| Funding, LLC, Norris Jordan | : |

## CERTIFICATE OF SERVICE

I, Josh J.T. Byrne, Esquire, do hereby certify that a true and correct copy of the

Defendants' Responses to Plaintiff's Request for Production of Documents, was served

on all counsel via email on the date below.

                               **MARSHALL DENNEHEY, P.C.**

BY: _____

                               JOSH J.T. BYRNE, ESQUIRE
                               Attorney ID No.: 85474
                               2000 Market Street, Suite 2300
                               Philadelphia, PA 19103
                               (215) 575-2600
                               Email: jtbyrne@mdwcg.com
                               *Attorney for defendants,*
                               *Robert S. Goggin, III, Esquire,*
                               *Goggin & Duckworth, P.C.,*
                               *Forceno Goggin & Keller, P.C.,*
                               *Keller & Goggin, P.C.*

Date: June 26, 2025



**FREIWALD LAW**

Zachary S. Feinberg
zsf@freiwaldlaw.com

September 9, 2025

**Via Email**
Josh J. T. Byrne, Esquire
Marshall Dennehey
2000 Market Street
Suite 2300
Philadelphia, PA  19103

      **Re:    Sean Murtaugh v. Robert S. Goggin, III, Esquire, et al.**
           **USDC for the Eastern District - No. 2:24-cv-00026**

Dear Josh:

      I am writing to address several deficiencies in the Goggin Defendants' Responses to Plaintiff's Request for Production of Documents dated June 26, 2025. Please note that this letter is not intended to be an exhaustive list of all discovery deficiencies and Plaintiff reserves the right to identify additional deficiencies in Defendants' responses. This letter is meant to supplement, and not replace, the deficiencies already identified and subject to Plaintiff's Renewed Motion to Compel (ECF 68).

      Please advise when you are available for a meet-and-confer regarding these items in advance of the currently scheduled Status Conference on September 16, 2025. Without hearing from you before then, I will file a motion to compel in advance of the conference.

**Requests 12-17**

      Requests 12-17 seek documents relating to various financial accounts held by the Goggin Firm. This information is directly relevant to the case. So far, the Goggin Defendants have not produced any documents confirming that they received and deposited any of the money that it borrowed from Jordan Litigation Funding. The Goggin Defendants have not produced any documents confirming that they actually paid any of the case costs and experts that they claim to have paid. Thus, Plaintiff appropriately seeks to inspect the general ledger and financial accounts of the Goggin Firm to confirm the payments its claims to have received and made.

**Request 18-24**

      Requests 18-24 seek communications and documents between the Goggin Firm and anyone associated with the Brotherhood of Maintenance of Ways Employees union. Your relevancy-based objections are unfounded. The Amended Complaint alleges that Mr. Goggin

# EXHIBIT "B"

September 9, 2025
Page 2

_____

utilized this relationship to further the alleged RICO scheme. For purposes of this letter, Plaintiff will accept a time scope limitation of 2017 to present, which is a period starting two years before Mr. Murtaugh's case. Further, any confidentiality issues are appropriately protected by the applicable Protective Order in this case. Any claim of privilege requires you to produce a privilege log, which you have not done.

**Requests 25-29**

Requests 25-29 seek communications, documents, and records of payment between the Goggin Firm and the multiple experts used in Mr. Murtaugh's case. Thus far, the Goggin Defendnats' production has consistently of very little beyond the expert reports and invoices written by the experts.  The Goggin Firm has not produced any communications with the experts or any proof that those experts were paid. These documents must be produced and there is no basis to withhold them.

**Requests 52-66**

Requests 52-66 seek documents relating to Main Line Business Funding, LLC.  Your objections are unfounded.  Per the Court's March 17, 2025 Order (ECF 38), the Court has declared that information about Main Line Business Funding, LLC is relevant to the case. Thus, Mr. Goggin – the principal behind Main Line Business Funding, LLC – must provide all responsive documents.

**Request 71**

Request 71 seeks any and all medical records of Mr. Goggin relating to alcohol use, addiction, or mental illness.  These documents are relevant to the case and Mr. Goggin's alleged alcohol use and mental illness are at issue in the case. As alleged in the Amended Complaint, on Friday November 27, 2020, Mr. Murtaugh asked Mr. Goggin a question. Mr. Goggin responded that "Sean, my next sober breath is on Monday. Talk to you then!"  (ECF 26 ¶56).  The fact that Mr. Goggin advised his client that he was unavailable to answer his questions because he was planning to be not sober for 72 hours raises the question of Mr. Goggin's character and fitness to represent his clients.

**Request 81**

Request 81 seeks a copy of all applicable liability insurance policies.  To date, all that has been provided is a single page identifying the limits of liability.  Plaintiff is entitled to examine the entire policy.  Your objections here are unfounded.

Very truly yours,

ZACHARY S. FEINBERG

ZSF/mg
cc:    Megan M. O'Neill, Esquire